WEINBERG et al. v. SMITH.

(Supreme Court, Appellate Term, First Department.   May 6, 1915.)

BROKERS ⊙⇒56—REAL ESTATE AGENTS—PROCUREMENT OF LESSEE—PERFORM-
ANCE OF CONTRACT.

In an action by brokers to recover commissions for leasing real prop-
erty, where the complaint alleged that plaintiffs secured a tenant for a
certain term at a certain rental, while their evidence showed that the
lease was made to a corporation organized by such tenant and the de-
fendant, that the tenant never agreed to make the lease as claimed, and
that the lease would not have been made, except for the financial support
of the defendant to the corporation, judgment for plaintiffs was improper.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 85–89; Dec.
Dig. ⊙⇒56.]

Appeal from City Court of New York, Trial Term.

Action by Barnett Weinberg and Samuel Smith against Robert S.
Smith.   Judgment for. plaintiffs, and defendant appeals.   Reversed,
and complaint dismissed.

Argued April term, 1915, before GUY, BIJUR, and PENDLE-
TON, JJ.

Hamilton C. Rickaby, of New York City (George Gordon Battle
and Addison A. Van Tine, both of New York City, of counsel), for
appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York
City, of counsel), for respondents.

GUY, J.   The action is to recover commissions for leasing real
property.   The complaint alleges that at the request of the defend-
ant the plaintiffs obtained one Philip Farber, who agreed with defend-
ant to hire the property in question for the term commencing Septem-
ber 1, 1913, and ending February 26, 1919, at an aggregate rental of
$169,500, and that thereafter a lease was actually entered into be-
tween the defendant and the said Farber, under the name of the Far-
ber's Stores, Incorporated, for the aforesaid term at said rental.

The plaintiff Smith (a brother of the defendant) testified that at one
of the several conferences between the parties it was agreed that
Farber was to make the lease and that the lease was to be assigned to
the corporation.   No lease was ever made by Farber, and, of course, no
such assignment was made.   Farber, a witness for plaintiffs, testified
that the first time he spoke to the defendant about a lease of the prem-
ises Farber said he had several stores; that it was pretty hard to get
away at the start, but he would get his half-brother Relkin interested,
so the two of them could go into it; that he and Relkin afterwards
called on the defendant, who asked him how much money they could
invest; that Farber replied that Relkin and he were ready to invest
about $10,000 if the defendant was ready to help them along, not tak-
ing any security; that they were ready to talk business and close the
deal, but that Farber figured it was impossible to take up a business as
large as that for $10,000, and he accordingly suggested to the defend-
ant that the best thing to do was to organize a corporation; that in
accordance with Farber's suggestion it was arranged a corporation

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

should be formed, and that Farber and his half-brother Relkin should put up $1,000 apiece; that Farber subsequently put up $1,000, but Relkin, after having handed over his check, demanded and received it back, and in reply to the question by the trial court, "What did you put your $1,000 up for?" said, "I was a sucker; I found him out after * * * I wouldn't give him the money."

Subsequently an arrangement was made between the defendant and Farber, by which the corporation, Farber's Stores, Incorporated, was organized, with a capital stock of $25,000, Farber contributing $7,000, and the defendant contributing $18,000, and a lease was made to the corporation of the premises in question.

It is thus apparent, from the plaintiffs' own case, that not only did they fail to prove the allegations of the complaint, but that Farber never agreed to make the lease as claimed, that no lease was made to him under any other name, and that the result of their efforts was simply to produce a person who was not ready and willing to lease the premises upon the terms prescribed by the defendant. The subsequent formation of the corporation and the leasing of the premises by the defendant to the company were brought about, not by the plaintiffs, but by the defendant and Farber, and but for the financial support of the defendant no such results would have been obtained.

Judgment and order reversed, with costs, and complaint dismissed, with costs. All concur.